UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WESLEY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-527-TS |
| ) | |
| TERRY SHEWMAKER, Judge, Elkhart ) | |
| Circuit Court, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Plaintiff, Wesley Anderson, a prisoner confined at the Elkhart County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, against Elkhart Circuit Court Judge Terry Shewmaker. Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C.§ 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, ----, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. ----, ----, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ----, ----; 127 S. Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations, and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 1965 n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. ----, ----; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *See Wollin v. Gondert*, 192 F.3d 616, 621 (7th Cir. 1999). According to the complaint, the Plaintiff went to a friend's house to purchase methamphetamine and was caught up in a police raid. He asserts that he has been wrongfully charged with multiple felonies. He further alleges that the Defendant set his bond at $300,000, instead of the $60,000 suggested by the state guidelines, because the Plaintiff "had a couple of failure to appears" in previous cases. (Compl. 4.) The Plaintiff asserts that the Defendant violated his federally protected rights by violating his "right to a fair bond schedule." (Compl. 4.) The Plaintiff seeks only damages.

The Defendant is entitled to absolute judicial immunity against the Plaintiff's damage claims if his actions meet a two-part test: (1) the acts must be within the judge's jurisdiction, and (2) the acts must be performed in the judge's judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (holding that judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989). The Defendant had the jurisdiction to preside over the Plaintiff's criminal case and set bail in that case. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) (explaining that the test is whether the acts are those normally performed by a judge). Accordingly, the Defendant is entitled to judicial immunity against the Plaintiff's damage claims on his allegation that the Defendant set the Plaintiff's bail higher than called for by the Indiana guidelines.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the Court DISMISSES this complaint and DIRECTS the clerk to close this case.

SO ORDERED on November 9, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION